UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

PHILMORE FRIEDMAN,

    Plaintiff,

v.

CRYSTAL CRUISES LLC
d/b/a CRYSTAL CRUISES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff hereby sues Defendant and alleges as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. Plaintiff, PHILMORE FRIEDMAN is a citizen of New York.

2. Defendant, CRYSTAL CRUISES LLC d/b/a CRYSTAL CRUISES ("CRYSTAL")., is a foreign corporation registered to business in Miami, Florida.

3. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the Parties are completely diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty jurisdiction.

4. This Court has personal jurisdiction over Defendant because, at all times material hereto, Defendant personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this State and/or county or had an office or agency in this State and/or county;

    b. Was engaged in substantial activity within this State;

- 1 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

    c. Operated vessels in the waters of this State;

    d. Committed one or more of the acts stated in Florida statute §§ 48.081, 48.181 and/or 48.193;

    e. Defendant's acts as set forth in this Complaint occurred in whole or in part in this county and/or State;

    f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard its vessels; and/or

    g. The subject cruise started and ended in Miami.

5. This action is being pursed in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because CRYSTAL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demand a jury trial on all claims asserted herein.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, the *Serenity* (the "vessel").

8. At all times material hereto, Defendant operated the vessel in navigable waters.

9. At all times material, Plaintiff was a fare-paying passenger aboard the vessel.

### Subject Incident

10. On or about December 22, 2019, Plaintiff boarded the vessel.

11. On or about January 4, 2020, Plaintiff ordered room service for breakfast which included a pot of hot coffee. Unbeknownst to the Plaintiff, the lid on the pot of coffee was not properly

secured and the coffee was scalding hot.

12.  When the Plaintiff attempted to pour the coffee the lid came off and the scalding hot liquid spilled onto him causing severe second degree burns.

13. As a result of the injury caused by the Defendant's negligence, the Plaintiff sustained permanent injuries requiring medical treatment and is left with significant scarring.

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff realleges, incorporates by reference, and adopts his allegations set forth in paragraphs one (1) through thirteen (13) as though alleged originally herein, and further sates:

14. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

15. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known.

16. On or about the above date, Defendant and/or its agents, servants and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances and/or its duty to warn of known dangers through the following acts and/or omissions:

   a. Failing to warn of that the lid on the coffee pot was not properly secured;

   b. Failing to warn that temperature of the coffee was scalding hot so that it could cause second degree burns;

   c. Failing to adequately warn passengers, including the Plaintiff that the Defendant did not have adequate policies and procedures for the service of hot beverages;

   d. Failing to adequately warn passengers, including the Plaintiff that the Defendant did not properly train, instruct or supervise crewmembers in the service of hot beverages;

   e. Failing to adequately warn passengers, including the Plaintiff that the Defendant did not comply with industry standards as to the service of hot beverages;

   f. Failing to adequately warn passengers, including the Plaintiff that the Defendant did not analyze prior similar instances occurring aboard Defendant's vessels fleet-wide so as to remedy the hazardous condition;

  g. Failing to adequately warn passengers, including the Plaintiff that the Defendant did not to correct and/or remedy hazardous conditions following prior similar instances occurring aboard Defendant's vessels fleet-wide;

  h. Failing to adequately warn passengers, including the Plaintiff that the Defendant did not promulgate and/or enforce adequate policies and procedures to ensure that passengers, like Plaintiff, were made aware of the dangers posed by the scalding hot beverage; and/or

  i. Other acts or omissions constituting a breach of the duty to warn which are revealed through discovery.

17. The above acts and/or omissions caused, contributed and/or played a substantial part in bringing about Plaintiff's injuries and damages.

18. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired based on the fact that the Defendant prepared and served the subject coffee and/or through prior similar incidents aboard Defendant's vessels, and/or prior complaints, claims and/or lawsuits brought against Defendant involving similar allegations to those alleged here.

19. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries. Plaintiff's injuries are permanent or continuing in nature and he will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT II – GENERAL NEGLIGENCE

Plaintiff realleges, incorporates by reference, and adopts his allegations set forth in paragraphs one (1) through thirteen (13) as though alleged originally herein, and further sates:

20. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

21. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known.

22. On or about the above date, Defendant and/or its agents, servants and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances and/or its duty to warn of known dangers through the following acts and/or omissions:

   a. Failing to use reasonable care in the service of hot beverages;

   b. Failing to use reasonable care to ensure that the lid on the coffee pot was properly secured so as to prevent spillage and injury to passengers, including the Plaintiff;

   c. Failing to use reasonable care to ensure that hot beverages were served at a temperature which would not cause injury to passengers, including the Plaintiff;

   d. Failing to properly serve the hot beverages in a manner that would not cause injury to passengers, including the Plaintiff;

   e. Failing to have adequate policies and procedures in place for the service of hot beverages;

   f. Failing to properly train, instruct and supervise crewmembers in the service of hot beverages;

   g. Negligently creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

   h. Negligently failing to check the temperature of the hot beverage before serving it to passengers, including the Plaintiff;

   i. Failing to promulgate and enforce proper safety rules and measures for the service of hot beverages;

  j. Negligently selecting and using coffee pots where lids couldn't not be properly secured and/or created spilling hazards;

  k.  Failing to comply with industry standards in the service of hot beverages;

  l. Failing to place adequate markings, warnings or signage;

  m. Failing to provide adequate assistance to passengers in the service of hot beverages;

  n. Failing to analyze prior similar instances occurring aboard Defendant's vessels fleet-wide so as to remedy the hazardous condition;

  o. Failing to correct and/or remedy hazardous conditions following prior similar instances occurring aboard Defendant's vessels fleet-wide;

  p. Failing to promulgate and/or enforce adequate policies and procedures to ensure that passengers, like Plaintiff, were made aware of the dangers posed by the scalding hot beverages; and/or

  q. Other acts or omissions constituting breach of duty to exercise reasonable care which are revealed in discovery.

23. The above acts and/or omissions caused, contributed and/or played a substantial part in bringing about Plaintiff's injuries and damages.

24. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired based on the allegations set forth in paragraphs 11 and/or through prior similar incidents aboard Defendant's vessels, and/or prior complaints, claims and/or lawsuits brought against Defendant involving similar allegations to those alleged here.

25. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries. Plaintiff's injuries are

- 7 -

permanent or continuing in nature and he will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

Dated: March 27, 2020

          Respectfully submitted,

          LIPCON, MARGULIES,
          ALSINA & WINKLEMAN, P.A.
          *Attorneys for Plaintiff*
          One Biscayne Tower, Suite 1776
          2 S. Biscayne Boulevard
          Miami, Florida 33131
          Telephone: (305) 373-3016
          Facsimile: (305) 373-6204

By: */s/ Carol L. Finklehoffe*
    **MICHAEL A. WINKLEMAN**
    Florida Bar No. 36719
    mwinkleman@lipcon.com
    **CAROL L. FINKLEHOFFE**
    Florida Bar No. 0015903
    cfinklehoffe@lipcon.com